FILED

2020 Aug-19  AM 10:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **EMILY SMITH,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:20-CV-00041-CLM** |
| | ) | |
| **THE HARTFORD,** | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Defendant Hartford Life and Accident Insurance Company's[1] ("Hartford") has moved this court to dismiss Plaintiff Emily Smith's ("Smith") claims because Smith failed to exhaust her administrative remedies when she did not appeal Hartford's decision to terminate her disability benefits within time required by the insurance policy (the "Policy") at issue. Doc. 7. Smith argues that the court should excuse her failure to appeal the benefits determination and apply equitable tolling. The court agrees with Hartford that Smith failed to exhaust her remedies when she failed to appeal and that Smith has not provided a valid excuse for this failure. So Hartford's Motion to Dismiss is due to be granted.

---

[1] Plaintiff Smith filed her original Complaint against "The Hartford" (doc. 1). She later filed an Amended Complaint (doc. 6) only to correct the complaint's caption and correctly naming Hartford Life and Accident Insurance Company as the sole Defendant.

## PROCEDURAL BACKGROUND

Smith filed this civil action against Hartford in the Circuit Court for Etowah County alleging that Hartford improperly terminated her long-term disability ("LTD") benefits. Doc. 1-1. Smith requests "appropriate relief, attorney fees and costs." Doc. 1-1 at 4.

Smith's complaint contains just one count, an ERISA benefit claim. Because ERISA is a federal law, Hartford removed the case to this court based on federal question jurisdiction. Doc. 1. Hartford then moved to dismiss based on Smith's failure to exhaust administrative remedies. Doc. 7. Smith opposed (docs. 9 and 10) and Hartford replied (doc. 11). The motion is now ripe for this court's ruling.

## FACTUAL BACKGROUND

Smith is a former employee of Grifols Shared Services North America, Inc. Doc. 1-1 at 4. Smith was approved to receive short-term disability benefits through Defendant Hartford because of her depression. *Id.*; Doc. 7-1 at 4. Smith began receiving LTD benefits through Hartford, but those LTD benefits were terminated on February 11, 2017.[2] Doc. 7-1 at 2.

On January 26, 2017, Hartford mailed a benefit determination letter to Smith informing her that her LTD benefits were not payable beyond February 11, 2017 and

---

[2] Smith alleges in her Complaint that her benefits were terminated January 15, 2019 (*see* Doc. 1-1 at 4), but it appears this date was a clerical error. Smith has not disputed the authenticity of the January 26, 2017 termination letter (doc. 7-1).

that she should inform Hartford if her condition changed before that date. *Id.* at 1. Hartford terminated Smith's benefits based on exclusion in the Policy stating that benefits for certain mental health conditions, including depression, were limited to 24 months. *Id.* at 5.

The Policy that the letter referenced contains the following language regarding disability caused by mental illness:

**Mental Illness And Substance Abuse Benefits:** *Are benefits limited for Mental Illness or Substance Abuse?*
If You are Disabled because of:
    1)  Mental Illness that results from any cause;
    2)  any condition that may result from Mental Illness;
    3)  alcoholism which is under treatment; or
    4)  the non-medical use of narcotics, sedatives, stimulants, hallucinogens, or any other such substance;
then, subject to all other provisions of The Policy, We will limit the Maximum Duration of Benefits.

Benefits will be payable:
    1)  for as long as you are confined in a hospital or other place licensed to provide medical care for the disabling condition; or
    2)  if not confined, or after you are discharged and still Disabled, for a total of 24 month(s) for all such disabilities during your lifetime.
GBD-1200 F05

Doc. 7-2 at 25.

The Policy also describes several scenarios for when benefits payments will end, including, "the date no further benefits are available under any provision in The Policy that limits benefits duration." *Id.* at 27.

In its benefit determination letter to Smith, Hartford stated the following, "If you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized representative must write to us within one hundred eighty (180) days from receipt of this letter." *Id*. The letter also stated, "After your

appeal, and if we again deny your claim, you then have the right to bring a civil action under Section 502(a) of ERISA." *Id.*

The Policy itself contains similar language on the process for appealing a denial or termination of benefits:

**Claim Appeal:** *What recourse do I have if my claim is denied?*
On any claim, You or Your representative may appeal to Us for a full and fair review.  To do so You:
  1)  must request a review upon written application within:
      a)  180 days of receipt of claim denial if the claim requires Us to make a determination of disability; or
      b)  60 days of receipt of claim denial if the claim does not require Us to make a determination of disability; and
  2)  may request copies of all documents, records, and other information relevant to Your claim; and
  3)  may submit written comments, documents, records and other information relating to Your claim.

We will respond to You in writing with Our final decision on the claim.
GBD-1200 H10

Doc 7-2 at 31.

On July 12, 2018—more than 18 months after Hartford terminated Smith's benefits—Smith's attorney wrote to Hartford and stated that Smith wished to "appeal the determination of benefits after 24 months." Doc. 7-3.

## STANDARD OF REVIEW

Hartford seeks dismissal under Rule 12(b)(6), which permits dismissal of a complaint that "fail[s] to a claim upon which relief can be granted." To demonstrate that a claim many entitle the plaintiff to relief, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Similarly, "naked assertion[s]" bereft of "further factual enhancement" do not suffice. *Twombly*, 550 U.S. at 555, 557.

While the court is usually limited to the four corners of the complaint in evaluating a motion to dismiss, the court may consider documents attached to a motion to dismiss without converting the motion into a motion for summary judgment in certain circumstances. These circumstances include times when the documents (such as the Policy and benefit determination letter at issue) are central to the plaintiff's claim and their authenticity is undisputed. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

The Eleventh Circuit has thoroughly discussed why a defense based on exhaustion of administrative remedies is properly raised in a motion to dismiss rather than a motion for summary judgment in the context of the Prison Litigation Reform Act. *See Bryant v. Rich,* 530 F.3d 1368 (11th Cir. 2008) ([A]n exhaustion defense … is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for

summary judgment.'" (citations omitted)). The same rationale discussed in *Bryant* has been used in cases deciding motions to dismiss under Fed. R. Civ. P 12(b)(6) for failure to exhaust administrative remedies in ERISA claims. *See, e.g. Gray v. Aetna Life Ins. Co.,* No. 1:18-cv-52-ECM-DAB, 2018 U.S. Dist. LEXIS 213692, at *5 n.3 (M.D. Ala. Dec. 18, 2018); *Mainline Info. Sys. v. Schafer*, No. 4:12cv529-RH/CAS, 2013 U.S. Dist. LEXIS 193191, at *3 (N.D. Fla. Jan. 2, 2013). Regardless, "[t]he decision of a district court to apply or not apply the exhaustion of administrative remedies requirement for ERISA claims is a highly discretionary decision which we review only for a clear abuse of discretion." *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000).

## DISCUSSION

Although ERISA does not include an exhaustion requirement, the Eleventh Circuit strictly enforces an exhaustion of administrative remedies requirement with narrow exceptions for exceptional circumstances, such as where the administrative scheme is unavailable, futile, or fails to offer an adequate legal remedy. *Perrino*, 209 F.3d at 1315. Exhaustion is not excused—even for "technical violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure through which they may receive an adequate remedy." *Id*. at 1317.

The Eleventh Circuit has explained the policy behind this strict enforcement: "Administrative claim-resolution procedures reduce the number of frivolous

lawsuits under ERISA, minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decision-making process, and allow prior fully considered actions by pension plan trustees to assist courts if the dispute is eventually litigated." *Mason v. Cont'l Grp., Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985). As a result, "if a reasonable administrative scheme is available to a plaintiff and offers the potential for an adequate legal remedy, then a plaintiff must first exhaust the administrative scheme before filing a federal suit." *Id*. Ultimately, the plaintiff "must carry the burden of proof, demonstrating that [s]he is entitled to recover under ERISA's civil enforcement provision" and that she "exhaust[ed] [the] administrative claim and appeal procedures available under the pension and severance plans and must plead exhaustion before filing suit to obtain relief under ERISA." *Goldstein v. Kellwood Co.*, 933 F. Supp. 1082, 1087–88 (N.D. Ga. 1996) (citing *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 159 (11th Cir.1992)).

Here, Smith does not dispute that she failed to exhaust her administrative remedies. Instead, she argues that the court should decline to dismiss this lawsuit based on equitable tolling. Doc. 10 at 1. Smith makes these three arguments for why equitable tolling should apply:

1. Smith was not competent to understand the 180-day appeal deadline;

2. Hartford did not prominently state the appeal deadline in Smith's benefit determination letter; and,

3. Hartford waived the appeal deadline by speaking to Smith and providing her with a copy of her claims file.

While the court is sympathetic to Smith's circumstances, these arguments cannot overcome the Eleventh Circuit's strict exhaustion requirement. Smith cites no Eleventh Circuit case law in which the ERISA exhaustion requirements were excused based on a theory of mental incapacity or for either of the other arguments that Smith makes. Instead, the Eleventh Circuit has held that the exhaustion requirement may be excused when "resort to the administrative route is futile or the remedy inadequate." *Curry v. Contract Fabricators, Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir. 1990), abrogated on other grounds by *Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313, 1314 (11th Cir. 2001). The Eleventh Circuit has also excused the exhaustion requirement when the plaintiff's failure to exhaust her administrative remedies resulted from language in the plan's summary description that the plaintiff "reasonably interpreted as meaning that she could go straight to court with her claim." *Watts v. BellSouth Telecomms., Inc.*, 316 F.3d 1203, 1204 (11th Cir. 2003). Smith has not claimed that either of these exceptions applies to this case. Neither situation is present in this case.

Smith, through her attorney, wrote to Hartford to appeal the benefit determination 18 months after Smith received her benefit decision. That Smith chose

to write Hartford before she filed this lawsuit demonstrates that Smith understood the appeal process and that she understood she must follow the appeals process rather than go straight to federal court. Smith's allegations about her depression and the placement of the appeal notice in her benefit determination letter cannot overcome her failure to exhaust her administrative remedies. *See McCay v. Drummond Co., Inc.*, 509 Fed. Appx. 944, 948 (11th Cir. 2013) (holding that none of the exceptions excusing ERISA exhaustion approved by the Eleventh Circuit applied and that depression was not an extraordinary circumstance for equitable tolling.)

The court rejects Smith's final argument—*i.e.*, the court should toll her failure to exhaust because Hartford spoke to her on the phone and provided her a copy of her claims file—for two reasons. First, creating this exception would contradict Eleventh Circuit precedent. Second, creating this exception would create a perverse incentive for insurance companies to *avoid* providing former insureds with copies of their claim paperwork for fear of extending liability indefinitely.

\* \* \*

In sum, Smith failed to exhaust her administrative remedies. Smith has not shown that pursuing these remedies would have been futile, nor has Smith argued that she believed the proper route was to appeal her benefit denial straight to the district court. Instead, Smith failed to exercise due diligence, so equitable tolling cannot apply. Smith's claim is thus due to be dismissed.

## <u>CONCLUSION</u>

For these reasons, Defendant Hartford's Motion to Dismiss (doc. 7) is due to be granted. The court will contemporaneously enter an order in accordance with this Memorandum Opinion.

**DONE** this 19th day of August, 2020.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE